UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONTEVIUS HUTCHERSON,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CHICO,<br><br>　　　　Defendant. | Cause No. 3:23-CV-445-PPS-AZ |

## OPINION AND ORDER

Dontevius Hutcherson, a prisoner without a lawyer, filed a complaint alleging he was denied mental health treatment by Dr. Chico. [DE 1.] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hutcherson alleges he has a serious mental illness that causes him to hear voices. He alleges Dr. Chico smiles at him and offers coloring books, but does not properly address his medical needs. For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the

decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). This complaint states a claim against Dr. Chino.

Hutcherson names Dr. Marthakis as a defendant, but the complaint makes no allegations about her. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). This complaint does not state a claim against Dr. Marthakis.

Hutcherson also sues Joshua Wallen whom he alleges denied his grievances. "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425,

2

428 (7th Cir. 2017). "[O]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). This complaint does not state a claim against Joshua Wallen.

For these reasons, the Court:

(1) **GRANTS** Dontevius Hutcherson leave to proceed against Dr. Chino in her individual capacity for compensatory and punitive damages for denying him mental health treatment in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Joshua Wallen and Marthakis;

(4) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Chino at Centurion Health of Indiana, LLC, with a copy of this order and the complaint [DE 1];

(5) **ORDERS** Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Dr. Chino to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on August 15, 2024.

3

        /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT