UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONTEVIUS HUTCHERSON,

    Plaintiff,

    v.                                   CAUSE NO. 3:23-CV-445-PPS-AZ

DR. CHICO,

    Defendant.

## OPINION AND ORDER

Dontevius Hutcherson, a prisoner without a lawyer, is proceeding in this case against Dr. Christina Chico "in her individual capacity for compensatory and punitive damages for denying him mental health treatment in violation of the Eighth Amendment[.]" [DE 12 at 3]. Dr. Chico filed a motion for summary judgment, arguing Hutcherson did not exhaust his administrative remedies before filing this lawsuit. [DE 30]. Hutcherson filed a response, and Dr. Chico filed a reply. [DE 45, DE 46]. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v.*

*Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Chambers v. Sood*, 956 F.3d 979, 984-85 (7th Cir. 2020). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id*. But inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.*

2

Dr. Chico provides an affidavit from the Grievance Specialist and Hutcherson's grievance records, which show the following facts: The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Offender Grievance Manager. [DE 34-1 at 2]. On February 14, 2023, Hutcherson submitted a grievance complaining he was not receiving adequate mental health care despite repeatedly requesting treatment. [DE 34-1 at 3; DE 34-3 at 4]. Specifically, Hutcherson stated: "I keep asking to meet with Doctor Martin to help me and my situation medical keep denying me without Doctor Martin reply, I'm going through deep depression and I can't handle it on my own." [DE 34-3 at 4]. Hutcherson requested as relief that he be allowed to see a doctor. [*Id.*] In the "Date of Incident" portion of the grievance form, Hutcherson wrote "1-17-23" and "I have a list of dates on the print out." [*Id.*] On March 1, 2023, the grievance office rejected and returned this grievance to Hutcherson for three reasons: (1) it complained of more than one event or issue; (2) "If you need to be seen by Medical, you need to submit a HCRF and wait for your appointment;" and (3) the grievance needed to list a "specific date of incident." [DE 34-1 at 3-4; DE 34-3 at 5].

Here, the undisputed facts show the grievance office made Hutcherson's administrative remedies unavailable by improperly rejecting his February 14 grievance, as the grievance office provided no valid reason for rejecting the grievance. First, it was improper for the grievance office to reject the grievance because it complained of more than "one event or issue," as the grievance complained of only one issue – the ongoing

3

denial of treatment for Hutcherson's depression. *See Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013) (holding that, as long as jail officials are aware of the inmate's need for treatment and refuse to act, the refusal continues as long as the officials had the power to act). Dr. Chico does not argue or provide any evidence showing the fact this incident was ongoing rendered it inappropriate to the Offender Grievance Process.

Second, it was improper for the grievance office to reject Hutcherson's February 14 grievance on the basis that "If you need to be seen by Medical, you need to submit a HCRF and wait for your appointment," as this addresses the grievance on the merits and is therefore a reason for denying, but not for rejecting, the grievance. *See Blasingame v. Galipeau*, 2022 WL 1469370, at *3 (N.D. Ind. May 10, 2022) ("There is no requirement in the Offender Grievance Process that a grievance must be meritorious to be properly submitted, else any number of grievances would be rejected out of hand before being considered on their merits."). Had the grievance office *denied* Hutcherson's grievance on the merits rather than rejecting it, he could have appealed that determination and fully exhausted the grievance. But by improperly rejecting the grievance as non-meritorious, the grievance office left Hutcherson without any further remedy to exhaust.

Third, it was improper for the grievance office to reject Hutcherson's February 14 grievance on the basis that he did not list a "specific date of incident." Specifically, in the "Date of Incident" portion of the grievance form, Hutcherson wrote "1-17-23," and also clarified he has "a list of dates on the printout," perhaps referring to the other dates he was denied medical treatment. Because Hutcherson's February 14 grievance complained of an ongoing issue with receiving mental health treatment, there's no

4

evidence the "Date of Incident" provided by Hutcherson was improper. *See Johnson v. Galipeau*, 2022 WL 4235006, at *2 (N.D. Ind. Sept. 14, 2022) (noting "the Offender Grievance Process does not require that each grievance list a specific incident date," and concluding the Grievance Specialist made an inmate's administrative remedies unavailable by improperly rejecting his grievance for listing an incident date of "ongoing" where the grievance complained of an ongoing injury); *Goroumi v. Marthakis*, 2021 WL 1549735, at *2 (N.D. Ind. April 19, 2021) (holding the grievance office improperly rejected a grievance for listing the wrong incident date where the grievance complained of an ongoing injury); *Davis v. Mason*, 881 F.3d 982, 986 (7th Cir. 2018) (holding the grievance office made an inmate's administrative remedies unavailable by rejecting his grievance based on purported noncompliance with unannounced requirements). Dr. Chico does not argue or provide any evidence the grievance office properly rejected Hutcherson's grievance for failing to list a proper incident date.[1]

Accordingly, because the undisputed facts show the grievance office made Hutcherson's administrative remedies unavailable by improperly rejecting his February 14 grievance, Dr. Chico has not met her burden to show Hutcherson had available administrative remedies he did not exhaust before filing this lawsuit. For these reasons, the court **DENIES** Dr. Chico's motion for summary judgment [DE 30].

---

[1] Dr. Chico instead argues Hutcherson did not exhaust his available remedies because he did not "appeal" the grievance office's rejection of his grievance. [DE 31 at 5]. But "the grievance process only provides a mechanism to appeal grievances that have been denied on the merits," and "[t]here is no evidence the grievance process provided any mechanism for [Hutcherson] to appeal the grievance office's rejection of" his February 14 grievance. *Blasingame*, 2022 WL 1469370, at *3.

5

**SO ORDERED**.

ENTERED: June 5, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT